# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WELLS FARGO BANK, N.A.,

        Plaintiff,                 :        Case No. 3:07-cv-205

                                        District Judge Walter Herbert Rice
   -vs-                                   Chief Magistrate Judge Michael R. Merz

                               :

RAYMOND E. LEE, JR., et al.,

        Defendants.

---

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

The Court has reviewed the Supplemental Report and Recommendations of United States Magistrate Judge Michael R. Merz (Doc. No. 21), to whom this case was referred pursuant to 28 U.S.C. §636(b), and noting that no objections have been filed thereto and that the time for filing such objections under Fed. R. Civ. P. 72(b) expired on October 18, 2007, hereby ADOPTS said Supplemental Report and Recommendations.

It is therefore ORDERED

The real property that is the subject of this foreclosure action (the "Property") is as follows:

Situated in the Township of Miami, County of Montgomery and State of Ohio:

And being lot number Two Hundred Eight (280) and the East half of lot number Two Hundred Eighty-One (281) in the ground of the Miami Valley Chautauqua Association.

The Clerk has properly entered default herein (Doc. No. 12, as modified at Doc. No. 16). In response to the Motion for Default Judgment, the Court finds that Raymond E. Lee, Jr., has been served with a Summons and Complaint, but is in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendant, the Court hereby grants Plaintiff's

1

Motion for Default Judgment.

The Court acknowledges that State of Ohio Department of Taxation has filed a disclaimer of interest, disclaiming all right to, interest in or title to the subject Property. As a result, this defendant is forever barred from asserting an interest in the Property.

The Court finds that Raymond E. Lee, Jr., executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Raymond E. Lee, Jr., executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $112,866.32 plus interest on the principal amount at the rate of 5.5% per annum from August 1, 2006. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law; however, all of said sums are unliquidated.

As a result, the Court hereby enters judgment for the amount due on the Note against Raymond E. Lee, Jr., in the amount of $120,634.25 plus interest thereon at the rate of 5.5% per annum from the

date hereof until paid.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Ohio Revised Code § 323.47 shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within the time allowed by law from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action subject to redemption by Defendant pursuant to Ohio Revised Code § 2329.33. In addition, an order of sale shall issue to the Special Master, directing that the Property be appraised, advertised, and sold according to the law and the orders of this Court and the Special Master's proceedings be reported to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property as provided in Ohio Revised Code § 2329.26.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Montgomery County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

November 1, 2007.

                                            Walter Herbert Rice
                                           United States District Judge